UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
WELLS FARGO BANK, N.A.,

        Plaintiff,                                    10 CV 1762 (RRM) (ALC)

    v.                                          ORDER GRANTING
                                                MOTION TO COMPEL AND
                                                IMPOSING SANCTIONS

NATIONAL GASOLINE, INC, et al.,

        Defendants.
---------------------------------------------------X

**CARTER, United States Magistrate Judge:**

Presently before me is plaintiff's motion to compel and impose sanctions. Based on the submissions of the parties, and for the reasons stated below, the motion is granted.

BACKGROUND

Plaintiff Wells Fargo Bank, N.A. ("Plaintiff" or the "Bank"), filed the instant action on April 21, 2010, alleging that it was defrauded by defendants who individually or through sham entities obtained a $6,500,000 line of credit from the Bank. The complaint names over 20 individual and corporate defendants, although the subjects of the instant motion are only those defendants who have appeared in this action, to wit: National Gasoline, Inc., Chaim Lax, David Rishty, 96 Gas Corporation, Baisley Gas Corporation, Melrose Gas Corporation, 111th Street Gas Corporation, Neptune Oil Corporation, 100 Rockaway Gas Corporation, Cooper Gas Corporation, 2061 Gas Corporation, 8521 Gas Corporation, 8521 Gas Corporation and Forest Gas Corporation ("Defendants").

On August 12, 2010, I held an Initial Conference, at which August 26, 2010 was set as the due date for Rule 26(a) disclosures. Plaintiff served its disclosures along with interrogatories and a request for the production of documents, to be answered by September 28, 2010. Defendants served neither their initial disclosures nor responses or objections to Plaintiff's discovery requests. Counsel for Plaintiff attempted on three occasions to agree upon a date for Defendants' responses, to no avail. In an October 14, 2010 joint status report, counsel for Defendants claimed the discovery was "too voluminous" and requested an in-person conference to "discuss the relevance" of Plaintiff's discovery requests. (Docket No. 29 at 4.)

I held a conference on November 10, 2010 and ordered the parties to meet and confer immediately thereafter in an effort to narrow the discovery disputes. I also instructed Defendants to file their still-outstanding Rule 26 disclosure, reminded counsel that objections to discovery requests must be provided in writing, and set November 24, 2010 as the due date for Defendants' responses and/or objections. As of the parties' filing of the next status report on December 16, 2010, only a portion of that discovery had been turned over to Wells Fargo, and Defendants again claimed, in cursory fashion, that the requested discovery was too voluminous. (Docket No. 37 at 4.) Plaintiff's motion followed.

On December 22, 2010, I set a briefing schedule, requiring Defendant's response to Plaintiff's motion to be filed by January 4, 2011, and set January 14, 2011 for a hearing on the motion. Defendants were unable to respond by the January 4, 2011 deadline, and at a January 5, 2011 conference, I extended that time to January 11, 2011. Also at that conference, Defendants represented that the outstanding discovery would be turned over in advance of the January 14 hearing. However, at the January 14 hearing, Plaintiff represented that it still had not received the responses, at which point counsel for Defendants informed me that he had brought the

discovery to court with him and was then prepared to serve it. Plaintiff thereafter reviewed the responses and informed Defendants, in a detailed letter also filed with the Court, of the deficiencies in their discovery responses. (Docket No. 47.) Briefly, Defendants' responses to Plaintiff's request for the production of documents consisted of a disc containing documents which, Plaintiff claims, are not organized in any manner sufficient to determine which documents relate to which requests. (See generally Docket No. 47.) Plaintiff also claims that Defendants' interrogatory responses are inadequate in that, inter alia, Defendants failed to provide a log of those documents withheld on the basis of privilege; provided truncated names of reports and documents insufficient to identify them with any certainty; failed to identify certain documents altogether, claiming instead that documents are in Plaintiff's possession; and failed to evince any sincere effort on Defendants' part to provide reasonable responses. (Docket No. 47-1.)

DISCUSSION

I. *Discovery Rules*

Several different provisions in the Federal Rules of Civil procedure (the "Rules") are at play in this action. Rule 37(a)(3)(B)(iii) permits the filing of a motion to compel discovery responses when an adverse party fails to answer an interrogatory submitted pursuant to Rule 33. Rule 33(b), in turn, requires responses or objections to interrogatories to be filed within 30 days. Fed. R. Civ. P. 33(b)(2). Otherwise, any objection thereto is deemed waived. Fed. R. Civ. P. 33(b)(4). A party served with interrogatories is charged with the duty of providing complete answers, or, in the alternative, may direct the interrogating party to examine specific business records, provided the latter is given both a method of identifying those documents and

3

reasonable access. Fed. R. Civ. P. 33(b)(3), 33(d). Rule 34 governs the request for production of documents and also requires production within 30 days, unless another time frame is agreed upon by the parties or ordered by the court. Rule 34(b)(2)(E) permits the producing party to submit documents either as they are kept in the normal course of business or as organized and labeled to correspond to the request. Finally, Local Rule 26.2 requires the party asserting a privilege in objection to a discovery request to provide, contemporaneously with the remainder of discovery responses, certain information related to the claimed privilege, including the general subject matter, date, and nature of the relationship between the parties to the communication. See E.D.N.Y. R. 26.2.

Under these rules, a party who fails to respond to a request for interrogatories or disobeys a court order may be sanctioned in a variety of ways, including the striking of pleadings, rendering of an order of default, the entry of an order of contempt, or the designation of disputed facts in the light most least favorable to the sanctioned party. See Fed. R. Civ. P. 37(b), (d). The Court's discretion in this regard is broad, Nat'l Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976), and a party who is found sanctionable under Rule 37(d) shall pay the related expenses. Fed. R. Civ. P. 37(a)(5)(A), 37(d)(3).

II.     *Court's Inherent Power to Sanction*

In addition to those powers conferred by the Federal Rules, the Court is vested with inherent authority to sanction conduct which interferes with or abuses the judicial process. Chambers v. Nasco, Inc., 501 U.S. 32 (1991). Among other powers, a court may assess attorney's fees as a sanction for disobedience of an order or "when a party has acted in bath faith, vexaciously, wantonly, or for oppressive reasons." Id. (citations omitted); see generally United States v.

4

Seltzer, 227 F.3d 36, 41 (2d Cir. 2000) ("[A] lawyer's negligent or reckless failure to perform his or her responsibility as an officer of the court" may justify sanctions.); cf. United States v. Morales, No. 07 CR 460 (SJ), 2010 WL 2400120, at *9 (E.D.N.Y. Jun. 11, 2010) (imposing monetary sanctions on attorneys who failed to abide by court orders and delayed the action for one year) . Therefore, the Court has the authority to fashion an order sanctioning conduct which violates its rules and orders or needlessly delays the progress of litigation.

III.  *Analysis*

Despite my orders of August 12, 2010 and November 10, 2010 providing a response date, Defendants conceded that the requested discovery was either turned over extremely late or not at all. Based on the foregoing rules and principles, there is no question that sanctions are appropriate. Defendants' delay, followed by their incomplete and cryptic production, stalled the fixture of deposition dates and effectively prevented Plaintiff from prosecuting its case. By repeatedly failing to make discovery objections in writing, withholding objections or service of discovery until the parties were present in Court before me, Defendants have further delayed the action or rendered the conferences fruitless.

Moreover, I have reviewed Plaintiff's January 25, 2011 good faith letter to Defendants (which consists of 30 pages of detailed deficiencies in the discovery Defendants provided at the hearing on Plaintiff's motion) and find Defendants' responses woefully inadequate. For example, in response to an interrogatory asking Defendants to identify "all tangible items of any type or description which are relevant to the subject matter," Defendants respond that they are "not currently aware" of any documents besides "financial records of National [Gasoline, Inc.]," with no description of what those financial records are. (Docket No. 27-1 at 2.) Similarly, some

of Defendants responses direct Plaintiff to a "Reconciliation Statement," or a "Report," neither of which are defined, described or elaborated on. (See, e.g., Docket No. 27-1 at 3, 4, 22.) The barebones answers to the interrogatories suggest that counsel for Defendants engaged in little or no research or inquiry of his clients. Under Rule 37(a)(4), such incomplete responses must be treated as a total failure to respond. (See, e.g., Docket No. 27-1 at 11 (declining to itemize Defendants' damages), id. at 6, 7, 11 (claiming, without identifying any documents or communications, that all responsive statements are in Plaintiff's possession); id. at 17 (declining to identify facts upon which a challenge to the amount claimed due by Plaintiff is based).) Additionally, in the absence of a motion for a protective order under Rule 26(c), none of the claims of privilege justify Defendants' failure to respond. Fed. R. Civ. P. 37(d)(2).

For these reasons, I grant Plaintiff's motion to compel. Additionally, I am imposing sanctions in the amount of $10,446.50, Plaintiff's expenses in bringing the motion. This sanction is both required under Rules 37(a)(5), and 37(d)(3), and permitted pursuant to my inherent powers. Defendants are advised that further discovery failures may be met with stiffer sanctions. See Peters-Turnbull v. Board of Educ. of the City of New York, 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999) ("A court need not beg a party to comply with its orders."); cf. Antonios A. Alevizopoulos & Assocs, Inc. v. Comcast Int'l Holdings, Inc., 2000 WL 1677984, at *4 (S.D.N.Y. Nov. 8, 2000) (dismissal of action appropriate where "no lesser sanction would change [plaintiff's] behavior").

SO ORDERED.

DATED: June 22, 2011 _____/s/_____
      Brooklyn, New York          Andrew L. Carter, USMJ